CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

2013 APR 12  PM 4: 16

DEPUTY CLERK_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. |
| | § | **3 - 13 CR - 1 3 1 - D** |
| | § | |
| JONATHAN ISAAC SHOKRIAN | § | |

## PLEA AGREEMENT

Jonathan Shokrian, the defendant, Richard Roper, the defendant's attorney, and the

United States of America (the government), agree as follows:

1.    **Rights of the defendant**: Shokrian understands that he has the right:

    a.    to grand jury indictment;

    b.    to plead not guilty;

    c.    to have a trial by jury;

    d.    to have his guilt proven beyond a reasonable doubt;

    e.    to confront and cross-examine witnesses and to call witnesses in his defense; and

    f.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**:   Shokrian waives these rights and

pleads guilty to the offense alleged in Count One of the Information, charging a violation

of  42 U.S.C. 7413(c)(2)(B), that is, Failure to Notify Under the Clean Air Act.  Shokrian

understands the nature and elements of the crime to which he is pleading guilty, and

agrees that the factual resume he has signed is true and will be submitted as evidence.

**Plea Agreement - Page 1**

3.    **Sentence**:   The maximum penalties the Court can impose include:

    a.    imprisonment for a period not to exceed two years;

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim;

    c.    a term of supervised release of not more than one year, which may be mandatory under the law and will follow any term of imprisonment. If Shokrian violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which is mandatory under the law, and which Shokrian agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

4.    **Court's sentencing discretion and role of the Guidelines**:   Shokrian understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.  The guidelines are not binding on the Court, but are advisory only.  Shokrian has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.  Shokrian will not be allowed to withdraw his plea if his sentence is higher than expected.  Shokrian fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

**Plea Agreement - Page 2**

5.    **Mandatory special assessment**:    Prior to sentencing, Shokrian agrees to pay to the U.S. District Clerk the amount of $100, in satisfaction of the mandatory special assessment in this case.

6.    **Defendant's agreement**: Shokrian shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Shokrian shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.  Shokrian expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.  Shokrian fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately.  In the event the Court imposes a schedule for payment of restitution, Shokrian agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy defendant's full and immediately enforceable financial obligation.  Shokrian understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7.    **Government's agreement**:    The government will not bring any additional charges against Shokrian based upon the conduct underlying and related to Shokrian's plea of guilty.  The government will file a Supplement in this case, as is routinely done in

every case, even though there may or may not be any additional terms. The government will dismiss, after sentencing, any remaining charges in the pending information. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Shokrian or any property.

8. **Violation of agreement**: Shokrian understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Shokrian for all offenses of which it has knowledge. In such event, Shokrian waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Shokrian also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence**: Shokrian waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Shokrian, however, reserves the rights (a) to bring a direct appeal of

**Plea Agreement - Page 4**

(i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11.    **Representation of counsel**: Shokrian has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Shokrian has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Shokrian has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

[NO FURTHER INFORMATION ON THIS PAGE]

12.    **Entirety of agreement**:    This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 9 day of _____April_____, 2013.

SARAH R. SALDAÑA
UNITED STATES ATTORNEY


_____
JONATHAN SHOKRIAN
Defendant

_____
ERRIN MARTIN
Assistant United States Attorney
Texas State Bar No. 24032572
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8600
Facsimile:  214.767.4104
Email:       Errin.Martin@usdoj.gov


_____
RICHARD ROPER
Attorney for Defendant

_____
GARY C. TROMBLAY
Deputy Criminal Chief


**Plea Agreement - Page 6**

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____
Jonathan Shokrian
Defendant

_4/9/13_____
Date

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____
Richard Roper
Attorney for Defendant

_4/9/13_____
Date

**Plea Agreement - Page 7**