IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:13-CR-131-D |
| | § | |
| CALIFCO LLC and | § | |
| JONATHAN ISAAC SHOKRIAN, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The parties have advised the court that, considering the anticipated length of their sentencing presentations, it may be appropriate to change the date of the sentencing hearing. Accordingly, the court resets the sentencings of these two defendants to Thursday, February 27, 2014 at 9:00 a.m.

In resetting the sentencings, the court notes that it retains the discretion to regulate the presentations of the government and the defendants. *See, e.g.,* Fed. R. Crim. P. 32(i)(2) ("The court *may* permit the parties to introduce evidence on the objections." (emphasis added)). A policy statement in the Sentencing Guidelines indicates that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present *information* to the court regarding that factor." U.S.S.G. § 6A1.3(a) (Nov. 1, 2013 Manual) (emphasis added). And the commentary to that policy statement indicates that "lengthy sentencing hearings seldom should be necessary" and that "[t]he sentencing court must determine the appropriate procedure in light of the nature of the dispute, its relevance to the sentencing determination, and applicable case law." U.S.S.G. § 6A1.3, comment (Nov. 1, 2013 Manual).

For example, defendant Jonathan Isaac Shokrian ("Shokrian") has pleaded guilty to an offense that carries a statutory maximum sentence of imprisonment of 24 months. The advisory

guideline range that might otherwise apply is considerably higher (Shokrian has objected to it), but it is capped by the statutory maximum.  It would therefore appear to be unnecessary for the parties to make extensive presentations about matters that cannot materially affect the sentence (because it cannot in any case exceed the statutory maximum), or that do not bear upon a factor that the court must consider under 18 U.S.C. § 3553(a) when imposing a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in § 3553(a)(2).

    **SO ORDERED**.

    February 19, 2014.

SIDNEY A. FITZWATER
CHIEF JUDGE